AO 106 (Rev. 01/09)  Application for a Search Warrant



# UNITED STATES DISTRICT COURT

for the

District of New Mexico

FILED
At Albuquerque NM

OCT 17 2018

| | |
|---|---|
| In the Matter of the Search of | ) |
| *(Briefly describe the property to be searched or identify the person by name and address)* | ) |
| The Cellular Telephone Assigned Call Number [(505) 900-2979]. | ) |

Case No. 18-MR-975

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that there is now concealed on the following person or property located in the _____ District of _____New Mexico_____ *(identify the person or describe property to be searched and give its location):*  **See attachment A**

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized)*:  **See attachment B**

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☐ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☐ property designed for use, intended for use, or used in committing a crime;

☑ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of ___21___ U.S.C. § ___841(a)(1)___ , and the application is based on these facts:
18 U.S.C. 922(g)(1) & 18 U.S.C. 924(c)(1)(a)

See Attached incorporated by reference herein

☑ Continued on the attached sheet.

☐ Delayed notice of ____ days (give exact ending date if more than 30 days: _____ ) is requested
under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Erik Haanes, Special Agent ATF
*Printed name and title*

Sworn to before me and signed in my presence.

Date:   10/17/2018

City and state:  Albuquerque, NM

_____
*Judge's signature*

KAREN B. MOLZEN
U.S. MAGISTRATE JUDGE
*Printed name and title*

## AFFIDAVIT

Your Affiant, Erik Haanes, having been duly sworn, does hereby depose and say:

## Introduction

1. I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 and 18 U.S.C. §§ 2703(c)(1)(A) for information about the location of the cellular telephone assigned call number (505) 900-2979, (hereafter "Target Cell Phone"), which service provider is MetroPCS, a wireless telephone service provider with a legal compliance department located at 4 Sylvan Way, Parsippany NJ, 07054. The Target Cell Phone is described herein and in Attachment A, and the location information to be seized is described herein and in Attachment B.

2. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF). Beginning in September of 2014, I attended a 26 week ATF academy in Glynco, Georgia that certified me as an ATF Special Agent. As a Special Agent with the ATF and in my prior experience as a law enforcement officer, I have conducted physical surveillance, interviewed sources of information and defendants, served search warrants and arrest warrants, investigated firearms and drug trafficking, and assisted on undercover firearms and narcotic investigations. Further, I have testified in judicial proceedings in federal court involving prosecutions relating to violations of federal firearms laws. I am an investigative, or law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510 (7), in that I am an officer of the United States who is empowered by law to conduct investigations and make arrests for the offenses enumerated in Title 18 and 26, United States Code. This affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

3. Based on the facts set forth in this affidavit, there is probable cause to believe that TREJO has violated Title 18 U.S.C. 922(g)(1), Title 21 U.S.C. § 841 (a)(1), and Title 18 U.S.C. 924(c)(1)(a) . TREJO was charged with these crimes on October 15, 2018 through means of an arrest warrant issued on the same date. There is also probable cause to believe that the location information described in Attachment B will assist law enforcement in arresting TREJO, who is a "person to be arrested" within the meaning of Federal Rule of Criminal Procedure 41(c)(4).

1

## Probable Cause

7. On October 9, 2018, Bernalillo County Sheriff's Office (BCSO) detectives, with the assistance of ATF Agents, executed a State of New Mexico search warrant on Rigoberto TREJO's residence, located at 1717 Paseo de La Villa SE, Rio Rancho, NM.  TREJO was the subject of a narcotics and firearms investigation.

8. During the execution of the search warrant, TREJO was located in the residence and placed in handcuffs.  Detectives advised TREJO of his Rights per Miranda and TREJO agreed to speak.

9. TREJO stated he possessed multiple firearms in his bedroom closet as well as two (2) ounces of methamphetamine in his safe. TREJO showed detectives where his firearms and safe were located, which were in his bedroom closet. Additionally, TREJO told detectives where the key to the safe was located and instructed detectives how to open it.

10. During a search of the residence, detectives located a bag of crystal like substance in the safe of TREJO's closet.  The substance later tested presumptive positive for the presence of methamphetamine and had an approximate gross weight of four (4) ounces.  A digital scale and packaging material were also located in the safe. TREJO later admitted to selling the narcotics.

11. Additionally, the following five (5) firearms were located in the TREJO's bedroom closet.

    1) Taurus, model PT809C, 9mm pistol with serial number TEU02685.  The firearm was loaded with fifteen (15) rounds of 9mm ammunition.
    2) Taurus, model PT24/7Pro, 9mm pistol with serial number TAT59178.  The firearm was loaded with eight (8) rounds of 9mm ammunition.
    3) Taurus, model G2C, 9mm pistol with serial number TLM75364. The firearm was loaded with seven (7) rounds of 9mm ammunition.
    4) Golani Sporter, model Sporter, .223 caliber rifle with serial number GAL00362.  The firearm was loaded with twenty-five (25) rounds of .223 caliber ammunition.
    5) PWS Firearms, model MK1, multi-caliber short-barreled rifle with serial number M01430.  The firearm was loaded with eighty-eight (88) rounds of .223 caliber ammunition.

12. Your Affiant determined TREJO has been convicted on the felonies of two (2) counts of trafficking a controlled substance in D-202-CR-201203090; conspiracy to commit receiving/transferring stolen motor vehicles, and possession of a controlled substance in D-202-CR-201100218; aggravated fleeing a law enforcement officer in D-2020CR-201201429;

2

receiving/transferring stolen motor vehicles in D-202-CR-201004731; receiving/transferring stolen motor vehicles in D-202-CR-200303537; and possession of a controlled substance (cocaine) in D-202-CR-201001683; all out of the Second Judicial District Court, State of New Mexico.

13.  Your Affiant test fired the above-mentioned firearms and determined each firearm fired and functioned as designed.  Your Affiant determined the firearms and ammunition were not manufactured in the State of New Mexico, therefore affecting interstate commerce.

14. On October 15, 2018, a Federal arrest warrant was issued for TREJO related to violations of Title 18 U.S.C. 922(g)(1), Title 21 U.S.C. § 841 (a)(1), and Title 18 U.S.C. 924(c)(1)(a).

15. On October 16, 2018, a confidential source provided the Target Cell Phone number for TREJO and stated TREJO is currently using that number. Your Affiant learned that the Target Cell Phone provider is Metro PCS with Rigoberto TREJO as the subscriber.

16. In my training and experience, I have learned that MetroPCS is a company that provides cellular telephone access to the general public.  I also know that providers of cellular telephone service have technical capabilities that allow them to collect and generate at least two kinds of information about the locations of the cellular telephones to which they provide service: (1) E-911 Phase II data, also known as GPS data or latitude-longitude data, and (2) cell-site data, also known as "tower/face information" or cell tower/sector records.  E-911 Phase II data provides relatively precise location information about the cellular telephone itself, either via GPS tracking technology built into the phone or by triangulating on the device's signal using data from several of the provider's cell towers.  Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular telephone and, in some cases, the "sector" (i.e., faces of the towers) to which the telephone connected.  These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device.  Accordingly, cell-site data is typically less precise that E-911 Phase II data.

17. Based on my training and experience, I know that MetroPCS can collect E-911 Phase II data about the location of the Target Cell Phone, including by initiating a signal to determine the location of the Target Cell Phone on MetroPCS's network or with such other reference points as may be reasonably available.

18.  Based on my training and experience, I know that MetroPCS can collect cell-site data about the Target Cell Phone.

**Authorization Request**

3

19. Based on the foregoing information, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c).

20. I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until 30 days after the collection authorized by the warrant has been completed. There is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice to the subscriber or user of the Target Cell Phone would seriously jeopardize the ongoing investigation, as such a disclosure would give that person an opportunity to destroy evidence, change patterns of behavior, and flee from prosecution. *See* 18 U.S.C. § 3103a(b)(1). As further specified in Attachment B, which is incorporated into the warrant, the proposed search warrant does not authorize the seizure of any tangible property. *See* 18 U.S.C. § 3103a(b)(2). Moreover, to the extent that the warrant authorizes the seizure of any wire or electronic communication (as defined in 18 U.S.C. § 2510) or any stored wire or electronic information, there is reasonable necessity for the seizure for reasons set forth above. *See* 18 U.S.C. § 3103a(b)(2).

21. I further request that the Court direct MetroPCS to disclose to the government any information described in Attachment B that is within the possession, custody, or control of MetroPCS. I also request that the Court direct MetroPCS to furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of information described in Attachment B unobtrusively and with a minimum of interference with MetroPCS's services, including by initiating a signal to determine the location of the Target Cell Phone on MetroPCS's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall reasonably compensate MetroPCS for reasonable expenses incurred in furnishing such facilities or assistance.

22. I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the Target Cell Phone outside of daytime hours.

23. I submit that this affidavit supports probable cause for a search warrant authorizing the examination of the Device described in Attachment A to seek the items described in Attachment B.

24. Assistant United States Attorney Howard Thomas has reviewed and approved this affidavit for the application for a search warrant of the Target Cell Phone.

25. I swear that this information is true and correct to the best of my knowledge.

_____
Erik Haanes, ATF Special Agent

SUBSCRIBED and SWORN to before
me this 17 day of October, 2018.

_____
United States Magistrate Judge

## ATTACHMENT A

### Property to be Searched

1. The cellular telephone assigned call number (505) 900-2979 (Target Cell Phone), which service provider is MetroPCS, a wireless telephone service provider with a legal compliance department located at 4 Sylvan Way, Parsippany NJ, 07054. Information about the location of the Target Cell Phone, (505) 900-2979, that is within the possession, custody, or control of MetroPCS, including information about the location of the cellular telephone if it is subsequently assigned a different call number.

## ATTACHMENT B

### Particular Things to be Seized

1. All information about the location of the Target Cell Phone described in Attachment A for a period of 30 days, during all times of day and night. "Information about the Target Cell Phone" includes all available E-911 Phase II data, GPS data, latitude-longitude data, and other precise location information, as well as all data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (i.e., faces of the towers) received a radio signal from the cellular telephone and Target Cell Phone described in Attachment A.

2. To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within the possession, custody, or control of MetroPCS, MetroPCS is required to disclose the Location Information to the government. In addition, furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of information unobtrusively and with a minimum of interference with MetroPCS's services, including by initiating a signal to determine the location of the Target Cell Phone on MetroPCS's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall reasonably compensate MetroPCS for reasonable expenses incurred in furnishing such facilities or assistance.

3. This warrant does not authorize the seizure of any tangible property. In approving this warrant, the Court finds reasonable necessity of the seizure of the Location Information. *See* 18 U.S.C. § 3103a(b)(2).